IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CALVIN CHRISTOPHER GRIFFIN,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII; STATE OF HAWAII OFFICE OF ELECTIONS,<br><br>Defendants. | CIVIL NO. 20-00454 KJM<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## TABLE OF CONTENTS

I. BACKGROUND ............................................................................................. 1

II. STANDARD OF REVIEW ............................................................................ 3

    A.    FRCP Rule 12(b)(1) ............................................................................. 3

    B.    FRCP Rule 12(b)(6) ............................................................................. 3

III. ARGUMENT .................................................................................................. 4

    A.    Plaintiff's Amended Complaint Doe Not Allege a Basis
           For Jurisdiction in Federal Court ........................................................ 4

    B.    Plaintiff's Claims are Barred under the Eleventh Amendment ............ 5

    C.    The Ex Parte Young Doctrine is Inapplicable ..................................... 7

IV. CONCLUSION ............................................................................................... 9

# TABLE OF AUTHORITIES

## CASES

Ashcroft v. Iqbal,
  556 U.S. 662, 129 S.Ct. 1937 (2009) .................................................................. 3, 4

Cardenas v. Anzai,
  311 F.3d 929 (9th Cir. 2002) .................................................................................. 8

Casumpang v. International Longshoremen's & Warehousemen's Union,
  269 F.3d 1042 (9th Cir. 2001) ................................................................................ 3

Douglas v. Cal. Dep't of Youth Auth.,
  271 F.3d 812 (9th Cir. 2001) .................................................................................. 7

Ex Parte Young,
  209 U.S. 123 (1908) ...................................................................................... 4, 7, 9

Griffin v. Hawaii,
  2020 WL 5790380 (D. Haw. Sept. 28, 2020) ........................................................ 5

Kimel v. Florida Board of Regents,
  528 U.S. 62, 120 S.Ct. 631 (2000) .......................................................................... 6

Kingman v. Reef Atoll Investments, L.L.C. v. United States,
  541 F.3d 1189 (9th Cir. 2008) ................................................................................ 3

Kokkonen v. Guardian Life Ins. Co. of Am.,
  511 U.S. 375 (1994) ................................................................................................ 5

Lacey v. Maricopa Cty.,
  693 F.3d 896 (9th Cir. 2012) .................................................................................. 5

Lopez v. Smith,
  203 F.3d 1122 (9th Cir. 2000) ................................................................................ 9

Office of Hawaiian Affairs v. Department of Educ.,
  951 F. Supp. 1484 (D. Haw. 1996) ........................................................................ 6

Papasan v. Allain,
    478 U.S. 265, 106 S.Ct. 2932 (1986) .............................................................. 5, 8

Pennhurst State School & Hosp. v. Halderman,
    465 U.S. 89, 104 S.Ct. 900 (1984) ...................................................................... 6

Quern v. Jordan,
    440 U.S. 332, 99 S.Ct. 1139 (1979) ................................................................... 6

Rapp v. Disciplinary Board of the Hawai'i Supreme Court,
    916 F. Supp. 1525 (D. Haw. 1996) ................................................................. 7, 8

Shaw v. California Dep't of Alcoholic Beverage Control,
    788 F.2d 600 (9th Cir. 1986) ........................................................................... 5, 6

Starr v. Baca,
    652 F.3d 1202 (9th Cir. 2011) ............................................................................ 4

Will v. Mich. Dep't of State Police,
    491 U.S. 58, 109 S.Ct. 2304 (1989) ................................................................... 6

THE UNITED STATES CONSTITUTION

The Eleventh Amendment .................................................................................. 5, 6

The Fourteenth Amendment ................................................................................ 1, 6

FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 8(a) .................................................................................................. 5

Fed. R. Civ. P. 8(a)(1) ............................................................................................. 5

Fed. R. Civ. P. 12(b)(1) ........................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 3

HAWAII STATUTES

Haw. Rev. Stat. §12-41(b) .................................................................................. 1, 2

## MEMORANDUM IN SUPPORT OF MOTION

Defendants State of Hawaii and State of Hawaii Office of Elections (collectively, "State"), by and through their attorneys Clare E. Connors, Attorney General of the State of Hawaii, and Caron M. Inagaki and Skyler G. Cruz, Deputy Attorneys General, submit this memorandum in support of their motion to dismiss the Amended Complaint, filed on December 9, 2020. Dkt. No. 1.

I.     BACKGROUND

On October 21, 2020, pro se Plaintiff Calvin Christopher Griffin ("Plaintiff") filed a Complaint for Violation of Civil Rights against the State. Dkt. No. 1. On December 9, 2020, Plaintiff filed an Amended Complaint and served the State with both the original Complaint and an un-filed copy of the Amended Complaint. Dkt. Nos. 8, 9.

In the Amended Complaint, Plaintiff alleges that the State violated his civil rights through its "incorrect application of HRS §12-41(b)," which Plaintiff alleges conflicts with and is in violation of the Fourteenth Amendment to the United States Constitution. Dkt. No. 9, PageID #: 19. It is alleged in the Amended Compliant that:

> Plaintiff attained the highest vote count of 2,324 votes in the 2020 contest for U.S. Representative, District 1, Nonpartisan ballot in the State of Hawaii. These results were listed in the "FINAL SUMMARY REPORT," AUGUST 20, 2020 @ 9:53 am HST.

> The State of Hawaii Office of Elections **did not** include Plaintiff's name "Calvin Christopher Griffin" on the General Election Ballot. The Office of Elections based the decision to eliminate Mr. Griffin (a successful, non- partisan candidate in the 2020 Primary Election) on the fact that Nonpartisan candidates were listed the same as all of the Party Candidates in the Primary contest.
>
> \*     \*     \*
>
> Officers of the Election Division have interpreted that law that "The Plaintiff is not entitled to have Plaintiff's name to appear on the General Election ballot." HRS§12-41(b) is Partisan Gerrymandering and discriminates against Nonpartisan candidates and thereby is infringing upon Plaintiff's constitutional rights.  By imposing anticompetitive restrictions on the political process, voters are effectively denied the right to make free choices.  To associate politically through the vote, the arrangements and appearance on primary ballots are misleading and deceptive.
>
> Discrimination is clearly demonstrated by the outcome of the Primary Election.  Even though none of the other "third parties" nominated a candidate for the 1st Congressional District, **I was declared the winner in that class with a reasonable number of votes. However, I was denied participation in the General Election. The two political parties acting under color of State authority enacted this self-interested legislation that some may argue constitutes antidemocratic collusion and definitely discriminates against Nonpartisan candidates such as myself.**

Id. at PageID #: 19-20 (emphasis, punctuation, and grammar in original).

As relief, Plaintiff requests that a "Special Election be scheduled to redo [the] election for the Representative of the 1st Congressional District, State of Hawaii with Plaintiff's name to be recognized and placed on [the] ballot as a candidate" or "monetary sanctions" against the State in the amount of $50 million due to the "extreme mental and emotional distress" Plaintiff allegedly suffered "as

well as for all who share the sense of betrayal of our democratic system." Id. at PageID #: 20.

II.  STANDARD OF REVIEW

    A.  FRCP Rule 12(b)(1)

Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. The court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) "[u]nless the jurisdictional issue is inextricable from the merits of a case." Kingman v. Reef Atoll Investments, L.L.C. v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008). The moving party "should prevail [on a motion to dismiss] only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Casumpang v. International Longshoremen's & Warehousemen's Union, 269 F.3d 1042, 1060-61 (9th Cir. 2001).

    B.  FRCP Rule 12(b)(6)

FRCP Rule 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). This tenet – that the court must accept as true all of the

allegations contained in the complaint – "is inapplicable to legal conclusions." Id. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by FRCP Rule 8. Iqbal, 556 U.S. at 679.

III.   ARGUMENT

As discussed herein, Plaintiff's Amended Complaint should be dismissed because Plaintiff: (1) does not allege a basis for jurisdiction in federal court; (2) has alleged claims that are barred under the Eleventh Amendment to the United States Constitution; and (3) the Ex Parte Young doctrine is inapplicable. 209 U.S. 123 (1908).

    A.   Plaintiff's Amended Complaint Does Not Allege a Basis for Jurisdiction in Federal Court

Plaintiff's Amended Complaint fails to state a jurisdictional basis upon which he believes this case may proceed in federal court. Plaintiff's Amended

Complaint, therefore, does not conform to the requirements of FRCP Rule 8(a). See Fed. R. Civ. P. 8(a)(1) (stating that a complaint must provide "a short and plain statement of the grounds for the court's jurisdiction...."). And as Plaintiff should know by now, it is his burden to establish jurisdiction. See Griffin v. Hawaii, 2020 WL 5790380, at *2 (D. Haw. Sept. 28, 2020) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Thus, Plaintiff's Amended Complaint should be dismissed for failure to allege a basis for jurisdiction in federal court.[1]

B.  Plaintiff's Claims are Barred under the Eleventh Amendment

The doctrine of sovereign immunity is set out in the Eleventh Amendment to the United States Constitution. It states that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

Sovereign immunity is an absolute bar to suits in federal court against a state, whether brought by its own citizens or citizens of another state. Papasan v. Allain, 478 U.S. 265, 276, 106 S.Ct. 2932 (1986); Shaw v. California Dep't of

---

[1] Plaintiff's original Complaint did contain a statement of the basis of jurisdiction in federal court. Dkt. No. 1. However, because "the general rule is that an amended complaint supercedes the original complaint and renders it without legal effect," the jurisdictional statement in the original complaint has no legal effect now that the Amended Complaint has been filed. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012).

Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir. 1986); Office of Hawaiian Affairs v. Department of Educ., 951 F. Supp. 1484, 1490 (D. Haw. 1996). Unless a state unequivocally waives sovereign immunity or Congress exercises its power under the Fourteenth Amendment to override the immunity, the state, its agencies and its officials acting in their official capacity are immune from suit under the Eleventh Amendment. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304 (1989); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99, 104 S.Ct. 900 (1984). Although Congress has the power to abrogate the sovereign immunity of the states pursuant to Section 5 of the Fourteenth Amendment to the United States Constitution, it must do so by enacting a statute that "explicitly and by clear language indicate(s) on its face an intent to sweep away the immunity of the States." Quern v. Jordan, 440 U.S. 332, 345, 99 S.Ct. 1139 (1979); Kimel v. Florida Board of Regents, 528 U.S. 62, 73, 120 S.Ct. 631 (2000) (Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute).

The State has not waived its sovereign immunity for civil rights suits filed in federal court. Therefore, the Amended Complaint must be dismissed pursuant to the Eleventh Amendment.

### C. The Ex Parte Young Doctrine is Inapplicable

Under the Ex parte Young doctrine,[2] a plaintiff may maintain a suit for prospective injunctive relief against a state official in his or her official capacity when that suit seeks to correct an ongoing violation of the Constitution or federal law. See Ex Parte Young, 209 U.S. at 159-60; see also Rapp v. Disciplinary Board of the Hawai'i Supreme Court, 916 F. Supp. 1525, 1531 (D. Haw. 1996).

At the outset, Plaintiff has named the State of Hawaii and the State of Hawaii Office of Elections as the only defendants. Therefore, the Ex Parte Young doctrine does not apply. Yet, as discussed below, even if Plaintiff had named a state official as a defendant, Plaintiff does not seek prospective injunctive relief and, therefore, the Ex Parte Young doctrine still would not override the State's Eleventh Amendment immunity in this case.

The applicability of the Ex parte Young doctrine turns upon the question of whether the relief the plaintiff seeks is prospective, aimed at remedying an ongoing violation of federal law, or it is retrospective, aimed at remedying a past violation

---

[2] There are three exceptions to Eleventh Amendment immunity. "First, a state may waive its Eleventh Amendment defense. Second, Congress may abrogate the States' sovereign immunity by acting pursuant to a grant of constitutional authority. Third, under the Ex parte Young doctrine, the Eleventh Amendment does not bar a 'suit against a state **official** when that suit seeks ... prospective injunctive relief.'" Douglas v. Cal. Dep't of Youth Auth., 271 F.3d 812, 817–18 (9th Cir. 2001) (citations omitted) (some alterations in original) (emphasis in original).

of the law. Cardenas v. Anzai, 311 F.3d 929, 935 (9th Cir. 2002). The inquiry must focus on the purpose of the relief sought:

> Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred when the state official is the named defendant . . . On the other hand, relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury.

Papasan, 478 U.S. at 278.

Merely requesting injunctive relief will not automatically allow a plaintiff to overcome the Eleventh Amendment immunity. Rapp, 916 F. Supp at 1531. In order to have standing to obtain prospective injunctive relief, a plaintiff must show a substantial likelihood that the past challenged conduct will recur in the future and must demonstrate a "credible threat" that he will be subject to a specific injury for which he seeks injunctive or declaratory relief. Id. The mere physical or theoretical possibility of a challenged conduct recurring is insufficient. Id.

In this case, even if Plaintiff had a named a state official as a defendant, which he has not done, Plaintiff cannot overcome the State's Eleventh Amendment immunity because he purports to seek relief only for injuries suffered by past actions. This is evident by the relief sought in the Amended Complaint; namely, Plaintiff seeks either a "redo" of the election for the 1st Congressional District or

$50 million. Thus, any relief in this case can only be retrospective, which is not permitted under the Ex Parte Young doctrine.

IV. CONCLUSION

For all of the foregoing reasons, the State respectfully requests that this Honorable Court grant the State's motion and dismiss the Amended Complaint filed herein on December 9, 2020.

DATED: Honolulu, Hawaii, December 28, 2020.

                STATE OF HAWAII

                CLARE E. CONNORS
                Attorney General
                State of Hawaii

                /s/ Skyler G. Cruz
                SKYLER G. CRUZ
                Deputy Attorney General

                Attorney for Defendant
                STATE OF HAWAII and
                STATE OF HAWAII OFFICE
                OF ELECTIONS