**ORIGINAL**

**UNITED STATES DISTRICT COURT**

For the

District of Hawaii

_____ DIVISION

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JAN 25 2021
at **11** o'clock and **51** min. **A**M
MICHELLE RYNNE, CLERK

| | |
|---|---|
| GRIFFIN CALVIN C. <br> Plaintiff <br><br> --V-- <br><br> STATE OF HAWAII <br> Defendant | Case No. 20-00454 <br><br> JURY TRIAL   YES   NO <br><br><br> OPPOSITION TO MOTION TO DISMISS |

OPPOSITION TO MOTION TO DISMISS

DATED:  HON         HI         JAN   25   2021
        CITY       STATE        M     D     Y

MEMORANDUM IN OPPOSITION

The Hawaii State Attorneys Generals office has cited several court cases in their Motion to Dismiss; Plaintiff avers there is no relevancy to the complaint 20-00454 DKW-KJM. Stated cases do not directly address the issue of a nonpartisan candidate for a federal office. Plaintiff did receive a substantial amount of votes in the Primary Election August 8, 2020 and was declared the successful Nonpartisan Primary candidate with 53.7% of the vote for the office of US Representative District 1 State of Hawaii on "Final Report" printed on August 20, 2020 at 9:53 am. Plaintiff was not recognized as a legitimate candidate to be placed on ballot for the General Election. The Office of Elections, Chief Elections Officer Scott Nago, did not correctly apply HRS§ 12-41(b).

> HRS 12-41(b)  Any nonpartisan candidate receiving at least ten per cent of the total votes cast for the office for which the person is a candidate at the primary or special primary, or a vote equal to the lowest vote received by the partisan candidate who was nominated in the primary or special primary, shall also be a candidate at the following election; <u>provided that when more nonpartisan candidates qualify for nomination than there are offices to be voted for at the general or special general election</u>, there shall be certified as candidates for the following election those receiving the highest number of votes, but not more candidates than are to be elected. [L 1970, c 26, pt of §2; am L 1973, c 217, §2(j); am L 1979, c 139, §10; am L 1983, c 34, §21]

State of Hawaii Primary ballot 2020 only ha a single nonpartisan candidate for that office.

Plaintiff avers that Attorney General, State of Hawaii is attempting to "cherry pick" judicial phrases from each of the cases, and incorrectly applies them in order

to create a narrative that supports the actions of the Chief Elections Officer's position.

Plaintiff avers that information and details in the case examples presented are, unrelated to the facts of Plaintiff's complaint.

They did in their Order granting Motion to Dismiss complaint: 20-00298 DKW-KJM , the Plaintiffs complaint for a Emergency Injunction to address the shortcomings of mail in ballot program which was filed prior to the Primary Election.

In the States Motion to Dismiss page 5, it was stated that "Griffin's name did not appear on a ballot in a primary or general election for Hawai'i's first Congressional seat.₃"

The State of Hawai'i 2020 Primary Ballot contradicts that claim. Plaintiff notes that this Primary Ballot is in violation of HRS§12-21, Official party Ballots

§12-21 Official party ballots. The primary or special primary ballot shall be clearly designated as such. The names of the candidates of each party qualifying under section 11-61 or 11-62 and of nonpartisan candidates may be printed on separate ballots, or on a single ballot. The name of each party and the nonpartisan designation shall be distinctly printed and sufficiently separate from each other. The names of all candidates shall be printed on the ballot as provided in section 11-115. When the names of all candidates of the same party for the same office exceed the maximum number of voting positions on a single side of a ballot card, the excess names may be arranged and listed on both sides of the ballot card and additional ballot cards if necessary. When separate ballots for each party are not used, the order in which parties appear on the ballot, including nonpartisan, shall be determined by lot.

Primary ballot is in violation of and an example Partisan Political Gerrymandering.

Plaintiff questions the relevance of additionally referring to the Plaintiff as an" aspiring politician".

After several successful delaying legal challenges the case was dismissed on December 21, 2020.

False statements made by the State of Hawaii Attorney General's office was acknowledged it was referred to as an "error" and the complaint deemed moot because of the lapse in time to address the complaint. Plaintiff avers that the State of Hawaii Attorney General office is attempting to use the similar tactics as in the Complaint 20-00298 DKW-KJM.