CLARE E. CONNORS          7936
Attorney General of Hawaii

CARON M. INAGAKI          3835
SKYLER G. CRUZ            9551
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
425 Queen Street
Honolulu, Hawaii  96813
Telephone:  (808) 586-1494
Facsimile:   (808) 586-1369
E-Mail: Caron.M.Inagaki@hawaii.gov
        Skyler.G.Cruz@hawaii.gov

Attorneys for Defendants
STATE OF HAWAII; STATE OF
HAWAII OFFICE OF ELECTIONS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CALVIN CHRISTOPHER GRIFFIN,<br><br>        Plaintiff,<br><br>  vs.<br><br>STATE OF HAWAII; STATE OF HAWAII OFFICE OF ELECTIONS,<br><br>        Defendants. | CIVIL NO. 20-00454-SOM-KJM<br><br>DEFENDANTS STATE OF HAWAII AND STATE OF HAWAII OFFICE OF ELECTION'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT; CERTIFICATE OF SERVICE<br><br><br>Hearing<br>Date:  February 8, 2021<br>Time:  10:00 a.m.<br>Judge:  Honorable Susan Oki Mollway |

DEFENDANTS STATE OF HAWAII AND STATE OF
HAWAII OFFICE OF ELECTION'S REPLY IN SUPPORT OF
THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

Defendants State of Hawaii and State of Hawaii Office of Elections (collectively, "State"), by and through their attorneys Clare E. Connors, Attorney General of the State of Hawaii, and Caron M. Inagaki and Skyler G. Cruz, Deputy Attorneys General, hereby submit this reply in support of their Motion to Dismiss the Amended Complaint, filed on December 28, 2020 ("Motion").  ECF No. 10.

I.   INTRODUCTION

The State's Motion seeks dismissal of Plaintiff Calvin Christopher Griffin's ("Plaintiff") Amended Complaint on grounds that: (1) Plaintiff does not allege a basis for jurisdiction in federal court; (2) his claims against the State are barred under the Eleventh Amendment to the United States Constitution; and (3) the Ex Parte Young doctrine is inapplicable.  209 U.S. 123 (1908).  On January 25, 2021, Plaintiff filed an Opposition to Motion to Dismiss ("Opposition") that fails to address any of the arguments in the State's Motion.  ECF No. 15.  Instead, Plaintiff's Opposition merely rehashes the allegations in the Amended Complaint, makes unsupported factual and legal assertions, and airs grievances relating to characterizations of his political status that are misdirected towards the State.  Thus, as discussed more fully below, the State's Motion should be granted and Plaintiff's Amended Complaint should be dismissed.

II.     ARGUMENT

As mentioned above, the State's Motion asserts two bases for dismissal of Plaintiff's Amended Complaint; namely, lack of an alleged jurisdictional basis and Eleventh Amendment immunity. The State also argues that the Ex Parte Young doctrine does not except the claims in the Amended Complaint from the State's immunity under the Eleventh Amendment. Plaintiff's Opposition does not respond to any of these arguments. At best, Plaintiff acknowledges that the State "cited several cases in their Motion to Dismiss." ECF No. 15, PageID #48. Yet, he merely contends without argument that those cases have "no relevancy" to his Amended Complaint and that they "do not directly address the issue of a nonpartisan candidate for a federal office." Id.

Much of Plaintiff's Opposition consists of a series of factual assertions regarding the 2020 elections that are not supported by declaration or other evidence. ECF No. 15, PageID ## 48-49. For example, Plaintiff claims that he received "a substantial amount of votes in the Primary Election [on] August 8, 2020," that he "was declared the successful Nonpartisan Primary candidate with 53.7% of the vote" in a report dated August 20, 2020, and that he "was not recognized as a legitimate candidate to be placed on ballot for the General Election." Id. at PageID # 48. Plaintiff also argues that Hawaii Revised Statutes ("HRS") § 12-41(b) was applied incorrectly by the Office of Elections and that the

primary ballot was in violation of HRS § 12-21, which he claims is an example of partisan political gerrymandering. These factual assertions and legal arguments, even if they were true and properly supported by admissible evidence, do nothing to assist the Court in resolving the legal arguments raised by the State in the Motion and, therefore, should not be considered.

Plaintiff also takes issue with being referred to as an "aspiring politician" as well as the assertion that his name did not appear on a ballot in a primary or general election for Hawaii's first congressional seat. ECF No. 15, PageID ## 49-50. Yet, Plaintiff's ire is misdirected. These statements are not found in the State's Motion, but appear in an Order Granting Defendant's Motion to Dismiss entered on December 8, 2020 in Plaintiff's other lawsuit, Civ. No. 20-cv-00298-DKW-KJM, which Order dismissed that case with prejudice. (ECF No. 29 in Civ. No. 20-cv-00298-DKW-KJM). In that case, the Honorable Derrick K. Watson subsequently acknowledged that the statement that Plaintiff had not been a candidate was apparently made in error. (ECF No. 32 in Civ. No. 20-cv-00298-DKW-KJM). However, the State made no false statements nor was there an acknowledgment by the Court of false statements made by the State as Plaintiff seemingly contends. ECF No. 15, PageID # 50.

The arguments in Plaintiff's Opposition do not address the issues of jurisdiction and Eleventh Amendment immunity raised in the State's Motion and,

therefore, should be disregarded. Moreover, Plaintiff's failure to respond to the arguments in the State's Motion should be construed as a waiver of any argument for purposes of opposing the State's Motion. See, e.g., Hollandsworth v. City & Cty. of Honolulu, No. CV 19-00587 ACK-WRP, 2020 WL 5753197, at *12 (D. Haw. Sept. 25, 2020) ("By failing to raise argument in opposition to Defendant Lum's motion to dismiss her intentional infliction of emotional distress claim, Plaintiff has waived her argument for purposes of opposing the instant motion."); Ingall v. Rabago, No. CV 20-00306 ACK-WRP, 2020 WL 5739594, at *3 n.1 (D. Haw. Sept. 24, 2020) ("If Ingall did not intend to concede all of his state law claims against the City, his failure to address the City's arguments thereon would constitute waiver for the purposes of this motion regardless."); Yonemoto v. McDonald, No. CIV. 11-00533 JMS, 2015 WL 1863033, at *7 (D. Haw. Apr. 22, 2015) ("Plaintiff ignores that he waived this argument by failing to raise it in opposition to Defendant's Motion to Dismiss"). As such, the State's Motion should be granted.

III. CONCLUSION

For the foregoing reasons and for the reasons asserted in the State's Motion, the State respectfully requests that the Motion to Dismiss the Amended Complaint be granted and that the Amended Complaint be dismissed.

DATED:  Honolulu, Hawaii, January 29, 2021.

        STATE OF HAWAII

        CLARE E. CONNORS
        Attorney General
        State of Hawaii

        <u>/s/ Skyler G. Cruz</u>
        CARON M. INAGAKI
        SKYLER G. CRUZ
        Deputy Attorneys General

        Attorney for Defendants
        STATE OF HAWAII and
        STATE OF HAWAII OFFICE
        OF ELECTIONS