IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CALVIN CHRISTOPHER GRIFFIN, | ) | Civ. No. 20-00454 SOM/KJM |
| | ) | |
| Plaintiff | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTION TO DISMISS |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII; STATE OF | ) | |
| HAWAII OFFICE OF ELECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**I.      INTRODUCTION.**

In the 2020 primary election for the seat in the United States House of Representatives from Hawaii's First Congressional District, Plaintiff Calvin Christopher Griffin ran as a nonpartisan candidate.  Under section 12-41 of Hawaii Revised Statutes, to advance to the general election, a nonpartisan candidate must receive either (1) at least 10 percent of the total votes cast in the primary, or (2) at least the same number of votes as the winner of a partisan primary who had the lowest number of votes among all partisan primary winners for the seat in issue.  Griffin had 2,324 votes.  This number did not meet either threshold, and Griffin was not included on the general election ballot.  Griffin now sues the State of Hawaii and the State's Office of Elections (collectively, the "State"), arguing that the State's application of section 12-41 violated the Fourteenth Amendment of the Constitution.

The State moves to dismiss on the ground that Griffin's claims are barred by the Eleventh Amendment. Because Griffin has only sued the State of Hawaii and one of its agencies, his claims are precluded by the doctrine of sovereign immunity. Griffin's complaint is dismissed with leave to amend.

**II.     BACKGROUND.**

In 2020, Griffin ran as a nonpartisan candidate for the United States House of Representatives in Hawaii's First Congressional District. *See* Final Summary Report, Statewide Primary Election 2020, https://files.hawaii.gov/elections/files/results/2020/primary/histatewide.pdf.[1] In the primary election, Griffin received 2,324 votes, or 53.7% of the votes cast (including blank votes) for nonpartisan candidates and 1.12% of the 198,571 total votes cast (including for those running as members of political parties). *Id.*

Under Hawaii law, to advance to the general election, Griffin needed to win more votes than any other nonpartisan candidate and to meet one of two additional thresholds. Specifically, he needed to receive either (1) at least 10 percent of the total votes cast in the primary, or (2) at least as many

---

[1] Because the First Amendment Complaint refers to the Final Summary Report and Griffin's claims rely on that document, this court may consider the Final Summary Report in deciding the State's motion to dismiss. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

votes as the successful partisan candidate who received the least votes.  Section 12-41(b) reads as follows:

> Any nonpartisan candidate receiving at least ten per cent of the total votes cast for the office for which the person is a candidate at the primary or special primary, or a vote equal to the lowest vote received by the partisan candidate who was nominated in the primary or special primary, shall also be a candidate at the following election; provided that when more nonpartisan candidates qualify for nomination than there are offices to be voted for at the general or special general election, there shall be certified as candidates for the following election those receiving the highest number of votes, but not more candidates than are to be elected.

Although Griffin, as the only nonpartisan candidate, received the most votes of any nonpartisan candidate in his primary, he did not satisfy the statute's other requirements.  He received 1.12% of the total votes cast, and he received fewer votes than the winning Democratic and Republican candidates.  As a result, he did not appear on the ballot in the general election.

On October 21, 2020, Griffin filed the present action, which appears to allege that section 12-41 of Hawaii Revised Statutes violates the Fourteenth Amendment by discriminating against nonpartisan candidates.[2]  ECF No. 1, PageID # 1-2.

---

[2] Courts have repeatedly concluded that section 12-41 does not violate the Fourteenth Amendment. *Erum v. Cayetano*, 881 F.2d 689 (9th Cir. 1989); *Hustace v. Doi*, 60 Haw. 282, 588 P.2d 915 (1978); *see also Burdick v. Takaushi*, 504 U.S. 428, 435, 441 (1992) (noting that Hawaii's primary election laws "pass constitutional muster as imposing only reasonable burdens on First and Fourteenth Amendment rights").

3

Griffin's October complaint sought an award of $50,000,000 in "compensatory and punitive damages" and an injunction ordering the State to place his name on the general election ballot. *Id.* at 3. However, after filing his complaint about two weeks before the general election, which was held on November 3, 2020, Griffin took no action before this court. The commencement of a lawsuit does not, without more, usually trigger this court to address substantive issues raised in a complaint, and this court did not leap to address such issues. On December 9, 2020, after his name had not appeared on the general election ballot, Griffin filed his First Amended Complaint. ECF No. 9. The First Amended Complaint asserted the same claims, but sought new relief. Griffin now seeks an order compelling the State to conduct a special election to "redo" the election for the United States House of Representatives in Hawaii's First Congressional District and an award of $50,000,000. *Id.* at 20.

On December 28, 2020, the State filed a motion to dismiss. In its motion, the State argues that Griffin has failed to allege the existence of subject matter jurisdiction and that the doctrine of sovereign immunity bars Griffin's claims. ECF No. 10-1.

**III.     LEGAL STANDARD.**

   **A.    Rule 12(b)(1).**

Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. An attack on subject matter jurisdiction "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction[,]" while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

The State appears to bring a facial attack. *See* ECF No. 10-1, PageID # 39-40. In deciding such a motion, a court must assume the facts alleged in the complaint to be true and construe them in the light most favorable to the nonmoving party. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). However, courts "do not accept legal conclusions in the complaint as true, even if 'cast in the form of factual allegations.' " *Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) (emphasis in original) (quoting *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009)).

### B. Rule 12(b)(6).[3]

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review is generally limited to the contents of a complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell*, 266 F.3d at 988; *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact."

---

[3] In the Ninth Circuit, "[i]t is not entirely clear whether an Eleventh Amendment challenge should be analyzed under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction or under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Monet v. Hawaii*, 2011 WL 2446310, at *3 (D. Haw. June 14, 2011). But, in this case, "whether the court examines Eleventh Amendment immunity under Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim makes no difference, as those standards are essentially the same for purposes of this motion." *Id.*

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**IV.    ANALYSIS.**

   **A.   Griffin Adequately Alleges A Basis For Federal Jurisdiction.**

The State first argues that Griffin "fails to state a jurisdictional basis upon which he believes this case may proceed in federal court." ECF No. 10-1, PageID # 39. Griffin's claims are based on the Fourteenth Amendment. This court has "original jurisdiction [over] all civil actions arising under the Constitution[.]" 28 U.S.C. § 1331. Although this court is not

7

here addressing the merits of any claim Griffin makes, Griffin cannot be said to have failed to allege a basis for federal jurisdiction.

### B. Sovereign Immunity Bars Griffin's Claims.

The State also contends that Griffin's claims must be dismissed under the Eleventh Amendment. ECF No. 10-1, PageID # 41. "The Eleventh Amendment bars actions against states, state agencies, or departments of a state unless a state waives sovereign immunity or Congress exercises its power to override the immunity." *Trotter v. Hawaii*, 2018 WL 912255, at *4 (D. Haw. Feb. 15, 2018). Griffin has not argued or alleged that the State of Hawaii has waived its sovereign immunity, and it appears that the State has not waived its sovereign immunity with respect to Griffin's civil rights claim. *See id.* at *5. Because Griffin has only brought claims against the State of Hawaii itself and the Office of Elections, a state agency,[4] those claims are barred by the Eleventh Amendment. *See id.* at *5-*6.

---

[4] The Office of Elections is "placed within the department of accounting and general services for administrative purposes." HRS § 11-1.5. Another judge in this district has concluded that the Eleventh Amendment bars suits against the Department of Accounting and General Services, *see Starr v. Dep't of Accounting & Gen. Servs.*, 2006 WL 8436264, at *3 (D. Haw. Jan. 26, 2006), and in opposing the present motion to dismiss Griffin makes no attempt to argue that the Eleventh Amendment is inapplicable to the Office of Elections.

### C. Griffin's Complaint Is Dismissed With Leave To Amend.

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Griffin could, of course, decide to voluntarily dismiss this action or to proceed in state court, where different immunity considerations may come into play. If, however, he opts to remain in this court, whether he can proceed by amending his complaint may depend on what defendants Griffin names and on what relief he chooses to seek. For example, Griffin could conceivably name individual officials as defendants. While the Eleventh Amendment protects them from money damage claims if they are sued in only their official capacities, *see Trotter*, 2018 WL 912255, at *4, there are other possible claims that might not be similarly barred.

The Eleventh Amendment "does not prevent plaintiffs from proceeding against individual defendants in their official capacities for prospective injunctive relief based on alleged violations of federal law." *Id.*; *see generally Milliken v. Bradley*, 433 U.S. 267, 289 (1977); *Bennett v. Yoshina*, 140 F.3d 1218, 1224 (9th Cir. 1998) (holding that claims seeking to invalidate the results of an election sought prospective injunctive relief). Some claims for declaratory relief might

also survive.  *See generally Caruso v. Yamhill Cty. ex rel. Cty. Com'r*, 422 F.3d 848, 853 (9th Cir. 2005); *Schaefer v. Townsend*, 215 F.3d 1031, 1033 (9th Cir. 2000).  If Griffin does choose to amend his complaint, this court will decide the viability of his new claims if and when that issue is before this court on a motion.

**V.      CONCLUSION**

The First Amended Complaint is dismissed with leave to amend.  If Griffin opts to submit a Second Amended Complaint, he must do so no later than March 1, 2021.  If he does not file a Second Amended Complaint by that date, the court will enter judgment against Griffin and will close this case.  Griffin is cautioned that any Second Amended Complaint should stand as a complete document, without reference to any previous complaint filed in this case, and any previous complaint will become a nullity upon the filing of a Second Amended Complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 9, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Griffin v. State of Hawaii,* Civ No. 20-00454 SOM/KJM, ORDER GRANTING DEFENDANTS' MOTION TO DISMISS