ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAR 0 1 2021
at 10 o'clock and 57 min. A M
MICHELLE RYNNE, CLERK JS

RECEIVED BY OVERNIGHT FILING

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CALVIN CHRISTOPHER GRIFFIN <br><br> PLAINTIFF <br><br> VS. <br><br> STATE OF HAWAII, CLARE CONNORS ATTORNEY GENERAL <br><br> OFFICE OF ELECTIONS SCOTT NAGO CHIEF ELECTION OFFICER <br><br> DEFENDANTS | CIV. NO. 20-00454 SOM/KJM <br><br><br><br><br> SECOND AMENDED COMPLAINT |

### SECOND AMENDED COMPLAINT

**STATEMENT OF THE CASE:**

Plaintiff has been discriminated against by the State of Hawaii evoking HRS §12-41(b) that conflicts with and is in violation of the U.S. 14th Amendment 14.S1.4.3.3.3.1.2 Partisan Gerrymandering. Plaintiff attained the <u>Highest</u> non partisan vote count of 2324 votes in the 2020 contest for the State of Hawaii U.S. Representative, District 1.. These results were "FINAL SUMMARY REPORT", AUGUST 20, 2020 @ 9:53 am HST.

State of Hawaii Office of Elections did not include Plaintiffs Name Calvin Christopher Griffin on the General Election Ballot. Office of Elections based their decision to eliminate Mr. Griffin, who is the successful, Non partisan Candidate in the 2020 Primary Election. Non partisan candidates were listed the same as all of the other party candidates on the ballot for the Primary contest. Primary ballot was not arranged in alphabetical order and (non partisan ballot) was in the center.

    Office of Elections has interpreted that Plaintiff is not entitled Plaintiffs name to appear on the General Election ballot. HRS§12-41(b) is Partisan Gerrymandering, and discriminates against nonpartisan candidates and thereby is infringing upon my constitutional rights as a citizen by imposing anticompetitive restrictions on the political process denying voters the right to make free choices

and to associate politically through the vote. The arrangement and appearance on Primary Ballot is misleading and deceptive. Discrimination is clearly demonstrated by the outcome of the Primary Election where even though none of the other "third parties" nominated a candidate for the 1st Congressional District and I was declared the winner in that class with a reasonable number of votes I was denied participation in the General Election. The two political parties acting under color of state authority enacted this self-interested legislation that some may argue constitutes antidemocratic collusion and definitely discriminatory in addressing non partisan candidates as myself.

### Amdt14.S1.4    EQUAL PROTECTION RIGHTS

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

### Amdt14.S1.4.3.3.3.1.2    PARTISAN GERRYMANDERING.

ger·ry·man·der  /ˈjerēˌmandər/*verb* ,gerund or present participle: **gerrymandering**

1. manipulate the boundaries of (an electoral constituency) so as to favor one party or class.
   - achieve (a result) by manipulating the boundaries of an electoral constituency.
   - "a total freedom to gerrymander the results they want"

**HRS§ 12-41(b)** Any nonpartisan candidate receiving at least ten per cent of the total votes cast for the office for which the person is a candidate at the primary or special primary, or a vote equal to the lowest vote received by the partisan candidate who was nominated in the primary or special primary, shall also be a candidate at the following election; provided that when more nonpartisan candidates qualify for nomination than there are offices to be voted for at the general or special general election, there shall be certified as candidates for the following election those receiving the highest number of votes, but not more

candidates than are to be elected. [L 1970, c 26, pt of §2; am L 1973, c 217, §2(j); am L 1979, c 139, §10; am L 1983, c 34, §21]

Fourteenth Amendment (14), Section 1: Equal Protection Clause of the Federal Constitution

Relief

1. Plaintiff's Name to be Recognized and placed on the 2020 General Election ballot as a candidate for the Representative of 1st Congressional District, State of Hawaii.

2. Plaintiff served honorably in the United States Army for the more than 24 years, active and reserves. Plaintiff served was in the defense of the principles of Freedom and Democracy here at home and in other countries. It is deeply and profoundly troubling to realize that after the millions of men and women have served and died supposedly defending our freedoms only to come to the stark realization is that the election process is being undermined by political entities motivated and enacting laws with self serving interests that undermine the very freedoms that Plaintiff has sworn to protect. Because of the extreme mental, emotional distress and for all who share the sense of betrayal of our democratic system Plaintiff seeks Fifty Millions (50) dollars in Compensatory and Punitive damages.

DATE:_____

WHERE _____

SIGNATURE _____

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

STATEMENT OF CASE: *First Amend*

Plaintiff's civil rights have been discriminated against by the State of Hawai'i in their incorrect application of HRS §12-41(b). This conflicts with (and is in violation of) the U.S. 14th Amendment 14.S1.4.3.3.3.1.2 - Partisan Gerrymandering. Plaintiff attained the <u>highest</u> vote count of 2,324 votes in the 2020 contest for U.S. Representative, District 1, Nonpartisan ballot in the State of Hawai'i. These results were listed in the "FINAL SUMMARY REPORT," AUGUST 20, 2020 @ 9:53 am HST.

The State of Hawai'i Office of Elections **did not** include Plaintiff's name "Calvin Christopher Griffin" on the General Election Ballot. The Office of Elections based the decision to eliminate Mr. Griffin (a successful, non- partisan candidate in the 2020 Primary Election) on the fact that Nonpartisan candidates were listed the same as all of the Party Candidates in the Primary contest.

"Any nonpartisan candidate receiving at least ten percent of the total votes cast for the office for which the person is a candidate at the primary or special primary, or a vote equal to the lowest vote received by the partisan candidate who was nominated in the primary or special primary, **shall also be a candidate at the following election**; provided that when more nonpartisan candidates qualify for nomination than there are offices to be voted for at the general or special general election, there shall be certified as candidates for the following election those receiving the highest number of votes, but not more candidates than are to be elected. **HRS§ 12-41(b)** [L 1970, c 26, pt of §2; am L 1973, c 217, §2(j); am L 1979, c 139, §10; am L 1983, c 34, §21]

**United States Constitution 14th Amendment, Section 1 (Equal Protection Clause)**

<u>**Amdt14.S1.4**</u>   EQUAL PROTECTION RIGHTS

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States. No State shall deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

<u>**Amdt14.S1.4.3.3.3.1.2**</u>   PARTISAN GERRYMANDERING.
ger·ry·man·der /ˈjerēˌmandər/*verb* ,gerund or present participle: **gerrymandering**

- manipulate the boundaries of (an electoral constituency) so as to favor one party or class.
    - achieve (a result) by manipulating the boundaries of an electoral constituency.
    - "a total freedom to gerrymander the results they want"

1

Officers of the Election Division have interpreted that law that "The Plaintiff is not entitled to have Plaintiff's name to appear on the General Election ballot." HRS§12-41(b) is Partisan Gerrymandering and discriminates against Nonpartisan candidates and thereby is infringing upon Plaintiff's constitutional rights. By imposing anticompetitive restrictions on the political process, voters are effectively denied the right to make free choices. To associate politically through the vote, the arrangements and appearance on primary ballots are misleading and deceptive.

Discrimination is clearly demonstrated by the outcome of the Primary Election. Even though none of the other "third parties" nominated a candidate for the 1st Congressional District, **I was declared the winner in that class with a reasonable number of votes. However, I was denied participation in the General Election. The two political parties acting under color of State authority enacted this self-interested legislation that some may argue constitutes antidemocratic collusion and definitely discriminates against Nonpartisan candidates such as myself.**

Plaintiff served honorably in the United States Army for the more than 24 years, active and reserves. Plaintiff served in the defense of the principles of freedom and democracy here at home and in other countries. It is deeply and profoundly troubling to understand (after millions of men and women have served and died supposedly defending our freedoms) the stark realization that the election process is being undermined by political entities motivated and enacting laws with self serving interests that undermine the very freedoms that Plaintiff has sworn to protect.

Relief is sought as follows:

1. Plaintiff's name to be recognized and placed on the 2020 General Election ballot as a candidate for the Representative of the 1st Congressional District, State of Hawai'i

2. Due to the extreme mental and emotional distress suffered by Plaintiff as well as for all who share the sense of betrayal of our democratic system, Plaintiff seeks the imposition of monetary sanctions against the State of Hawai'i, Elections Division

OR

3. Due to the extreme mental and emotional distress suffered by Plaintiff as well as for all who share the sense of betrayal of our democratic system, Plaintiff seeks Fifty Million dollars ($50,000,000) in compensation.

2