IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CALVIN CHRISTOPHER GRIFFIN,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII; CLARE CONNORS (ATTORNEY GENERAL); OFFICE OF ELECTIONS; SCOTT NAGO (CHIEF ELECTION OFFICER),<br><br>Defendants. | CIVIL NO. 20-00454 SOM-KJM<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## TABLE OF CONTENTS

I. BACKGROUND ................................................................................................1

    A. Procedural History................................................................................1

    A. Plaintiff's Second Amended Complaint (Revised)..............................2

II. STANDARD OF REVIEW ...............................................................................4

    A. FRCP Rule 12(b)(1) .............................................................................4

    B. FRCP Rule 12(b)(6) .............................................................................4

III. ARGUMENT......................................................................................................5

    A. Plaintiff Does Not State a Claim for Which Relief Can be Granted ...............................................................................................5

    B. Plaintiff's Claims Against Defendant Connors in Her Individual Capacity Must be Dismissed ................................................8

    C. The Court Should Dismiss this Case with Prejudice ..........................10

IV. CONCLUSION.................................................................................................11

## TABLE OF AUTHORITIES

CASES

Ascon Props., Inc. v. Mobil Oil Co.,
  866 F.2d 1149 (9th Cir. 1989) ........................................................................11

Ashcroft v. Iqbal,
  556 U.S. 662, 129 S.Ct. 1937 (2009) ........................................................4, 5, 9

Belgau v. Inslee,
  975 F.3d 940 (9th Cir. 2020) ............................................................................8

Burdick v. Takaushi,
  504 U.S. 428 (1992) ..........................................................................................6

Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,
  637 F.3d 1047 (9th Cir. 2011) ........................................................................11

Casumpang v. International Longshoremen's & Warehousemen's Union,
  269 F.3d 1042 (9th Cir. 2001) ..........................................................................4

Devereaux v. Abbey,
  263 F.3d 1070 (9th Cir. 2001) ..........................................................................8

Doe v. United States,
  58 F.3d 494 (9th Cir. 1995) ............................................................................10

Erum v. Cayetano,
  881 F.2d 689 (9th Cir. 1989) ............................................................................6

Harper v. City of Los Angeles,
  533 F.3d 1010 (9th Cir. 2008) ..........................................................................8

Hawaii Coal. for Health v. Hawaii, Dep't of Hum. Servs.,
  576 F. Supp. 2d 1114 (D. Haw. 2008) ..............................................................8

Hustace v. Doi,
  60 Haw. 282, 588 P.2d 915 (1978) ...................................................................6

Ivey v. Bd. of Regents of Univ. of Alaska,
    673 F.2d 266 (9th Cir. 1982) ...................................................................................9

Johnson v. Duffy,
    588 F.2d 740 (9th Cir. 1978) ...................................................................................8

Kingman v. Reef Atoll Investments, L.L.C. v. United States,
    541 F.3d 1189 (9th Cir. 2008) .................................................................................4

Lacey v. Maricopa Cty.,
    693 F.3d 896 (9th Cir. 2012) ...................................................................................8

Monell v. Dep't of Soc. Servs.,
    436 U.S. 658 (1978) .................................................................................................8

Rucho v. Common Cause,
    139 S. Ct. 2484 (2019) .............................................................................................7

Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho,
    42 F.3d 1278 (9th Cir. 1994) ...................................................................................9

Starr v. Baca,
    652 F.3d 1202 (9th Cir. 2011) .................................................................................5

West v. Atkins,
    487 U.S. 42 (1988) ...................................................................................................8

Yagman v. Garcetti,
    852 F.3d 859 (9th Cir. 2017) .................................................................................10


THE UNITED STATES CONSTITUTION

The Fourteenth Amendment ...........................................................................................3, 6


FEDERAL STATUTES

42 U.S.C. § 1983 .............................................................................................................8, 9

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 8 ...................................................................................................5

Fed. R. Civ. P. 12(b)(1)..........................................................................................4

Fed. R. Civ. P. 12(b)(6)..........................................................................................4

## HAWAII STATUTES

Haw. Rev. Stat. §12-41(b) ...................................................................1, 3, 6, 7, 10

MEMORANDUM IN SUPPORT OF MOTION

Defendant Scott Nago (Chief Election Officer) ("Nago"), by and through his attorneys Clare E. Connors, Attorney General of the State of Hawaii, and Caron M. Inagaki and Skyler G. Cruz, Deputy Attorneys General, submits this memorandum in support of his motion to dismiss the Second Amended Complaint (Revised) filed on March 10, 2021.  ECF No. 24.

I.   BACKGROUND

   A.   Procedural History

On October 21, 2020, pro se Plaintiff Calvin Christopher Griffin ("Plaintiff") filed a Complaint for Violation of Civil Rights ("Complaint") against the State of Hawaii and State of Hawaii Office of Elections (collectively, "Original Defendants").  ECF No. 1.  On December 9, 2020, before the Original Defendants had responded to the Complaint, Plaintiff filed an Amended Complaint.  ECF Nos. 8, 9.  In the Amended Complaint, Plaintiff generally alleged that the Original Defendants had violated his civil rights through the "incorrect application of HRS §12-41(b)," which Plaintiff contended violated his rights under the Fourteenth Amendment to the United States Constitution.  ECF No. 9, PageID #: 19.

On December 28, 2020, the Original Defendants filed a motion to dismiss the Amended Complaint.  ECF No. 10.  The Original Defendants argued that Plaintiff failed to allege the existence of subject matter jurisdiction and that the

doctrine of sovereign immunity barred Plaintiff's claims. ECF No. 10-1. On January 25, 2021, Plaintiff filed a memorandum in opposition to the motion to dismiss and, on January 29, 2021, the Original Defendants filed a reply in support of the motion. ECF Nos. 15, 18.

On February 9, 2021, the Court entered a written order granting the Original Defendants' motion to dismiss. ECF No. 21. The Court found that Plaintiff had adequately alleged a basis for federal jurisdiction, but that Plaintiff's claims were barred by the Eleventh Amendment. As such, the Court dismissed Plaintiff's Amended Complaint with leave to file a Second Amended Complaint no later than March 1, 2021. Id.

On March 1, 2021, Plaintiff filed an unsigned Second Amended Complaint with an incomplete caption. ECF No. 22. On March 2, 2021, an Advisory Entry was docketed that directed Plaintiff to sign and return the copy of the Second Amended Complaint with the correct filer identification to the Clerk's office. On March 10, 2021, Plaintiff filed a Second Amended Complaint (Revised) ("SACR") that was signed by Plaintiff and included a revised caption. ECF No. 24.

B.   Plaintiff's Second Amended Complaint (Revised)

In the SACR, Plaintiff once again names the State of Hawaii and Office of Elections as defendants. However, the SACR also adds Clare Connors (Attorney General) ("Connors") and Scott Nago (Chief Election Officer) ("Nago") as

defendants.  Much as before, Plaintiff appears to allege in the SACR that the State of Hawaii and Office of Elections discriminated against him in its application of HRS § 12-41(b), which he claims violates the Fourteenth Amendment to the United States Constitution.  ECF No. 24, PageID # 86.  However, there are no allegations in the SACR pertaining to Defendants Connors and Nago.

Plaintiff specifically alleges that although he received the highest nonpartisan vote count of 2,324 votes in the 2020 contest for the United States House of Representatives in Hawaii's First Congressional District, the "State of Hawaii Office of Elections did not include Plaintiffs (sic) Name Calvin Christopher Griffin on the General Election Ballot."  ECF No. 24, PageID # 86 (capitalization in original).  He claims that HRS § 12-41(b) "is Partisan Gerrymandering, and discriminates against nonpartisan candidates and thereby is infringing upon [his] constitutional rights as a citizen by imposing anticompetitive restrictions on the political process denying voters the right to make free choices and to associate politically through the vote."  Id. at PageID ## 86-87 (capitalization and grammar in original).  Plaintiff alleges that "[d]iscrimination is clearly demonstrated by the outcome of the Primary Election where even though none of the other 'third parties' nominated a candidate for the 1st Congressional District and [Plaintiff] was declared the winner in that class with a reasonable number of votes[, Plaintiff] was denied participation in the General Election."  Id.

at PageID # 87 (capitalization in original).  As relief, Plaintiff requests that his name be recognized and placed on the 2020 general election ballot as a candidate for the United States House of Representatives in Hawaii's First Congressional District and an award of $50,000,000.  Id. at PageID # 88.

II.   STANDARD OF REVIEW

  A.   FRCP Rule 12(b)(1)

Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction.  The court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) "[u]nless the jurisdictional issue is inextricable from the merits of a case."  Kingman v. Reef Atoll Investments, L.L.C. v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008).  The moving party "should prevail [on a motion to dismiss] only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Casumpang v. International Longshoremen's & Warehousemen's Union, 269 F.3d 1042, 1060-61 (9th Cir. 2001).

  B.   FRCP Rule 12(b)(6)

FRCP Rule 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"  To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions." Id. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by FRCP Rule 8. Iqbal, 556 U.S. at 679.

III.   ARGUMENT

    A.   Plaintiff Does Not State a Claim for Which Relief Can be Granted

Under Hawaii law, to advance to the general election, a nonpartisan candidate must win more votes than any other nonpartisan candidate and must also meet one of two additional thresholds. Specifically, the nonpartisan candidate must receive either: (1) at least 10 percent of the total votes cast in the primary; or (2) at least as many votes as the successful partisan candidate who received the

least votes.  See Haw. Rev. Stat. § 12-41(b); ECF No. 21, PageID ## 66-67.  HRS § 12-41(b) provides as follows:

> Any nonpartisan candidate receiving at least ten per cent of the total votes cast for the office for which the person is a candidate at the primary or special primary, or a vote equal to the lowest vote received by the partisan candidate who was nominated in the primary or special primary, shall also be a candidate at the following election; provided that when more nonpartisan candidates qualify for nomination than there are offices to be voted for at the general or special general election, there shall be certified as candidates for the following election those receiving the highest number of votes, but not more candidates than are to be elected.

Haw. Rev. Stat. § 12-41(b).

In this case, Plaintiff appears to allege (as he did in his previous complaints) that HRS § 12-41(b) violates the Fourteenth Amendment by discriminating against nonpartisan candidates.  As this Court noted, however, "[c]ourts have repeatedly concluded that section 12-41 does not violate the Fourteenth Amendment."  ECF No. 21, PageID # 67 n.2 (citing Erum v. Cayetano, 881 F.2d 689 (9th Cir. 1989); Hustace v. Doi, 60 Haw. 282, 588 P.2d 915 (1978)).  This Court also noted that the United States Supreme Court has more broadly held that "Hawaii's primary election laws 'pass constitutional muster as imposing only reasonable burdens on First and Fourteenth Amendment rights.'"  Id. (quoting Burdick v. Takaushi, 504 U.S. 428, 435, 441 (1992)).  Thus, to the extent Plaintiff is alleging that HRS § 12-41(b) violates the Fourteenth Amendment, Plaintiff fails to allege a claim upon which relief can be granted.

Further, the Office Elections did not, in fact, apply HRS § 12-41(b) incorrectly. As this Court previously discussed, "[a]lthough Griffin, as the only nonpartisan candidate, received the most votes of any nonpartisan candidate in his primary, he did not satisfy the statute's other requirements" and "[a]s a result, he did not appear on the ballot in the general election." ECF No. 21, PageID # 67.[2] As such, even if it could be found that Plaintiff is also challenging Nago's interpretation or application of HRS § 12-41(b), and not only the statute's constitutionality, Plaintiff's SACR fails to state a claim for which relief can be granted because the officially published election results show that Plaintiff did not meet the thresholds mandated under the statute to advance to the general election and, therefore, the Office of Elections did not err in its application of the statute.[3]

---

[2] The Court's Order reflects that, in deciding the motion to dismiss the Amended Complaint, it relied upon the Final Summary Report, Statewide Primary Election 2020, https://files.hawaii.gov/elections/files/results/2020/primary/histatewide.pdf. ECF No. 21, PageID # 66 n.2, which was referenced in Plaintiff's Amended Complaint. The Final Summary Report, Statewide Primary Election 2020 is also referenced in the SAC and, therefore, can be considered by the Court in deciding the present motion. ECF No. 22, PageID # 75.

[3] For purposes of completeness, Defendant Nago acknowledges that the SACR contains references to "partisan gerrymandering." See ECF No. 24, PageID ##86-87. However, there are no allegations in the SACR pertaining to partisan gerrymandering and, in any case, the United States Supreme Court has held that "partisan gerrymandering claims present political questions beyond the reach of the federal courts." Rucho v. Common Cause, 139 S. Ct. 2484, 2506–07 (2019).

## B. Plaintiff's Claims Against Defendant Nago in His Individual Capacity Must be Dismissed

42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001); see also Hawaii Coal. for Health v. Hawaii, Dep't of Hum. Servs., 576 F. Supp. 2d 1114, 1120 (D. Haw. 2008). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Belgau v. Inslee, 975 F.3d 940, 946 (9th Cir. 2020).

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Lacey v. Maricopa Cnty., 693 F.3d 896, 915 (9th Cir. 2012) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

1978)). "Where state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities." Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho, 42 F.3d 1278, 1284 (9th Cir. 1994).

As mentioned above, there are no allegations in the SACR pertaining to Defendant Nago whatsoever. Plaintiff does not, therefore, satisfy the basic requirements for stating a claim under Section 1983 because he has not alleged that Defendant Nago (rather than the State) did anything let alone that she violated Plaintiff's constitutional rights. See Ashcroft, 556 U.S. at 676, 129 S. Ct. at 1948 (to state a Section 1983 claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As the Ninth Circuit has held, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Therefore, Plaintiff's SACR fails to state a claim under Section 1983 against Defendant Nago for violations of Plaintiff's constitutional rights.

      C.    <u>The Court Should Dismiss this Case with Prejudice</u>

This Court should grant Defendant Nago's motion to dismiss Plaintiffs' SACR with prejudice because amendment would be futile. <u>See</u> <u>Yagman v. Garcetti</u>, 852 F.3d 859, 863 (9th Cir. 2017) ("'In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.'" (quoting <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995)). As discussed above, HRS § 12-41(b) specifically, and Hawaii's election scheme more broadly, have been found to pass constitutional muster. There's no reason to permit Plaintiff to amend his complaint yet again and proceed with a meritless challenge. In addition, it is indisputable that the State correctly applied its law when it did not include Plaintiff's name on the ballot because Plaintiff did not satisfy the requirements of HRS § 12-41(b). Thus, amendment would be futile and should not be allowed for that reason.

Leave to amend should not be permitted for the additional reason that Plaintiff has made virtually no effort to correct the deficiencies this Court identified in its Order dismissing Plaintiff's Amended Complaint. The only substantive difference between the SACR and the Amended Complaint is that the SACR adds State official defendants. Most astonishingly, however, the body of the SAC and the Original Complaint are identical. In other words, it appears that

824062_1.DOC           10

after this Court dismissed Plaintiff's Amended Complaint, Plaintiff merely changed the caption of his Original Complaint and re-filed that document as his SACR.

Plaintiff has now had three opportunities to state his claims (*i.e.* ECF Nos. 1, 9, 24). Plaintiff's SACR was filed after this Court issued a detailed order explaining the deficiencies in the Amended Complaint and in which the Court indicated to Plaintiff the types of claims and relief that might survive. ECF No. 21, PageID ##73-74. Plaintiff should not be permitted to file a third amended complaint when the SACR demonstrates that Plaintiff is either unwilling or incapable of stating viable claims in this case. See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) ("[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (quoting Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).

IV.   CONCLUSION

For all of the foregoing reasons, Defendant Nago respectfully requests that this Honorable Court grant his motion and dismiss the Second Amended Complaint (Revised) filed herein on March 10, 2021.

DATED: Honolulu, Hawaii, March 29, 2021.

    STATE OF HAWAII

    CLARE E. CONNORS
    Attorney General
    State of Hawaii

    /s/ Skyler G. Cruz
    SKYLER G. CRUZ
    Deputy Attorney General

    Attorney for Defendant
    STATE OF HAWAII, CLARE
    CONNORS (ATTORNEY
    GENERAL), OFFICE OF
    ELECTIONS, and SCOTT NAGO
    (CHIEF ELECTION OFFICER)