CLARE E. CONNORS         7936
Attorney General of Hawaii

CARON M. INAGAKI        3835
SKYLER G. CRUZ          9551
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1494
Facsimile: (808) 586-1369
E-Mail: Caron.M.Inagaki@hawaii.gov
        Skyler.G.Cruz@hawaii.gov

Attorneys for Defendants
STATE OF HAWAII; CLARE CONNORS
(ATTORNEY GENERAL); OFFICE OF ELECTIONS;
SCOTT NAGO (CHIEF ELECTION OFFICER)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CALVIN CHRISTOPHER GRIFFIN,<br><br>        Plaintiff,<br><br>    vs.<br><br>STATE OF HAWAII; CLARE CONNORS (ATTORNEY GENERAL); OFFICE OF ELECTIONS; SCOTT NAGO (CHIEF ELECTION OFFICER),<br><br>        Defendants. | CIVIL NO. 20-00454 SOM-KJM<br><br>DEFENDANTS STATE OF HAWAII, CLARE CONNORS (ATTORNEY GENERAL), OFFICE OF ELECTIONS, AND SCOTT NAGO'S (CHIEF ELECTION OFFICER) REPLY IN SUPPORT OF THEIR MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT (REVISED); CERTIFICATE OF SERVICE<br><br>Judge: Honorable Susan Oki Mollway |

DEFENDANTS STATE OF HAWAII, CLARE CONNORS (ATTORNEY GENERAL), OFFICE OF ELECTIONS, AND SCOTT NAGO'S (CHIEF ELECTION OFFICER) REPLY IN SUPPORT OF THEIR MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT (REVISED)

Defendants State of Hawaii, Clare Connors (Attorney General), Office of Elections, and Scott Nago (Chief Election Officer) (collectively, "Defendants"), by and through their attorneys Clare E. Connors, Attorney General of the State of Hawaii, and Caron M. Inagaki and Skyler G. Cruz, Deputy Attorneys General, hereby submit this reply in support of their motions to dismiss Plaintiff Calvin Christopher Griffin's Second Amended Complaint (Revised) ("SACR") filed on March 10, 2021.  ECF No. 24.

I.   ARGUMENT

On March 15, 2021 and March 29, 2021, Defendants filed motions to dismiss the SACR ("Motions").  ECF Nos. 27, 30.  Defendants seek dismissal of the SACR on the bases that:  (1) Plaintiff fails to state a claim that Hawaii Revised Statutes § 12-41(b) violates the Fourteenth Amendment; (2) the Eleventh Amendment bars Plaintiff's claims against the State of Hawaii, Office of Elections, and the individual defendants in their official capacities; and (3) Plaintiff fails to state a claim against the individual defendants in their personal capacities. Defendants also request that this Court dismiss this case with prejudice and without leave to amend due to Plaintiff's repeated failure to file a pleading containing any viable claims.

828028_1.DOC

1

On May 3, 2021, Plaintiff filed an "Affidavit/Affirmation in Opposition to Defendant's Motion" ("Opposition") in this case. ECF No. 38. Plaintiff's Opposition fails to address or respond to any of the arguments in Defendants' Motions. Plaintiff's failure to respond to the arguments in Defendants' Motions should be construed as a waiver of any argument in opposition. <u>See</u>, e.g., <u>Hollandsworth v. City & Cty. of Honolulu</u>, No. CV 19-00587 ACK-WRP, 2020 WL 5753197, at *12 (D. Haw. Sept. 25, 2020) ("By failing to raise argument in opposition to Defendant Lum's motion to dismiss her intentional infliction of emotional distress claim, Plaintiff has waived her argument for purposes of opposing the instant motion."); <u>Ingall v. Rabago</u>, No. CV 20-00306 ACK-WRP, 2020 WL 5739594, at *3 n.1 (D. Haw. Sept. 24, 2020) ("If Ingall did not intend to concede all of his state law claims against the City, his failure to address the City's arguments thereon would constitute waiver for the purposes of this motion regardless."); <u>Yonemoto v. McDonald</u>, No. CIV. 11-00533 JMS, 2015 WL 1863033, at *7 (D. Haw. Apr. 22, 2015) ("Plaintiff ignores that he waived this argument by failing to raise it in opposition to Defendant's Motion to Dismiss"). On that basis alone, Defendants' Motions should be granted.

Although Plaintiff's Opposition does not address the arguments in Defendants' Motions, it does include statements that could be construed as a request for this Court to order the State to repeal and pass new laws. In particular,

Plaintiff appears to request "that the current candidate qualification for non-partisan candidates for federal office be re-evaluated to allow for the inclusion of voices the voters may want to represent them . . ." ECF No. 38, PageID # 147.

"The Supreme Court has placed it beyond dispute that the doctrine of separation of powers is vital for constitutional government." Chadha v. Immigr. & Naturalization Serv., 634 F.2d 408, 421 (9th Cir. 1980), aff'd sub nom. I.N.S. v. Chadha, 462 U.S. 919, 103 S. Ct. 2764 (1983). "The doctrine of separation of powers states that while the judiciary interprets the law, it is up to the legislature to make decisions about the wisdom of adopting certain policies." Milberger v. KBHL, LLC, 486 F. Supp. 2d 1156, 1163 (D. Haw. 2007); see also Schlesinger v. Reservists Comm. To Stop the War, 418 U.S. 208, 225 (1974) (acknowledging a longstanding reluctance of the federal courts to entertain "generalized grievances about the conduct of government") (citations and internal quotation marks omitted).

Here, Plaintiff's SACR does not include any request for this Court to direct the State of Hawaii to "re-evaluate" its voting laws. To the extent that Plaintiff's Opposition could be construed as a request for leave to amend his complaint to include such a claim, leave to amend should not be given because those claims are not permitted under well-established law. See, e.g., M.S. v. Brown, 902 F.3d 1076, 1089 (9th Cir. 2018) ("'[p]rinciples of federalism counsel against' awarding

'affirmative injunctive and declaratory relief' that would require state officials to repeal an existing law and enact a new law proposed by plaintiffs."); Gamache v. Oregon, No. CV-11-295-ST, 2011 WL 1706251, at *2 (D. Or. Mar. 24, 2011) ("This court has no jurisdiction to order any lawmaker to pass any particular law.").

## II.  CONCLUSION

For all of the foregoing reasons and for the reasons in Defendants' Motions, Defendants respectfully request that this Honorable Court grant their Motions and dismiss the Second Amended Complaint (Revised) filed herein on March 10, 2021 with prejudice.

DATED:  Honolulu, Hawaii, May 10, 2021.

    STATE OF HAWAII

    CLARE E. CONNORS
    Attorney General
    State of Hawaii

    /s/ Skyler G. Cruz
    SKYLER G. CRUZ
    Deputy Attorney General

    Attorney for Defendant
    STATE OF HAWAII, CLARE
    CONNORS (ATTORNEY
    GENERAL), OFFICE OF
    ELECTIONS, and SCOTT NAGO
    (CHIEF ELECTION OFFICER)